UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO: 1:04-CV-155-R

LARRY SMITH and BRENDA C. SMITH
PLAINTIFFS

vs

MERIDIAN SECURITY INSURANCE COMPANY and
STATE AUTOMOBILE MUTUAL INSURANCE COMPANY
DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment (Dkt. # 12). Plaintiffs have responded (Dkt. # 13), and the Defendants have replied to Plaintiffs' response (Dkt. #15). The matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED.**

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel*

1

*v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## BACKGROUND

This case arises out of Larry and Brenda Smith's ("Plaintiffs") claim for property damage to their barn and adjoining manure pit that occurred on or about January 2, 2004. On the said date rain and/or wind led to the destruction and damage of the above mentioned property of the Plaintiffs. The Plaintiffs had insurance policies ("Policy") from Meridian Security Insurance Company ("Meridian") and State Automobile Insurance Company ("State Auto") at the time of the loss. The property in question was covered by the "broad peril" coverage of the Policy. Plaintiffs claim that excessive rain caused the ground to become saturated and that hydrostatic pressure caused one of the retaining walls of the manure pit to collapse. After the damage, the Plaintiffs filed a claim with Meridian and State Auto, and have since demanded payment under the policy. Plaintiffs claim that

the Defendants: have maliciously and without good cause failed to pay the benefits due to the Plaintiffs under the coverage, have breached an implied covenant of good faith and fair dealing, and have failed to provide fair and reasonable payment of the claim to the Plaintiffs. Further, Plaintiffs claim reasonable attorney fees.

In their motion for summary judgment the Defendants denied the claim by the Plaintiffs arguing that the Policy does not cover peril in this instance because the loss is expressly excluded by the language of the Policy. The Defendants also claim that because the Plaintiffs' loss is not covered by the policy, the breach of an implied covenant of good faith and fair dealing as well as failure to provide reasonable payment claims should be dismissed as a matter of law. This Court agrees, and grants the Defendant's motion for summary judgment on all claims.

## DISCUSSION

### I. The Damaged and Destroyed Property

Under Kentucky law, insurance contracts are to be liberally construed so that all ambiguous provisions and policies pertaining to coverage are resolved in favor of the insured. *Kentucky Farm Bureau Mutual Insurance Company v. McKinney*, 831 S.W.2d 164, 166 (Ky. 1992).

### A.   *Whether the barn and manure pit are covered peril pursuant to the Policy?*

Assuming, in a light most favorable to the Plaintiffs, that the broad perils coverage for collapse applies to the instant matter, the policy itself still explicitly and unambiguously excludes all damage or destruction that occurs either directly or indirectly from earth movement or water damage, which expressly negates the Broad Peril Coverage. The Broad Peril Coverage of the Policy is subject to all exclusions mentioned in Section I of the Policy, as noted on Page 6 of the Policy. In Section I, pages 11-12 of the Policy clearly state "We do not insure for loss caused directly or

3

indirectly by any of the following...earth sinking, rising shift...surface water...water below the surface of the ground including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, *foundation*, swimming pool or other structure" (emphasis added). Defendants assert that such language expressly denies coverage to the Plaintiffs.

In their motion in response to the Defendant's motion for summary judgment, the Plaintiffs neither challenge the interpretations nor the application of the language of the policy as contended by the Defendants. Rather, the Plaintiffs attack the authority used by the Defendants to bolster their interpretation in Defendants' motion for summary judgment, the case of *Merz v. Allstate Ins. Co.*, 677 F.Supp. 388 (W.D.Penn 1988). Though by no means controlling, *Merz* nonetheless offers an interpretation of a nearly identical policy that supports the plain language of the policy cited by the Defendants in their motion for summary judgment. Further, other jurisdictions outside of Pennsylvania, including Ohio, Vermont and California, have positively cited *Merz* in holding that the respected insurance policy in question does not cover the property damage.[1] Regardless of the holding in *Merz*, the language of the insurance policy explicitly excludes losses claimed by the Plaintiffs. The Sixth Circuit has long held that although ambiguous insurance policies should be resolved in favor of the insured, unambiguous and clearly drafted exclusions, which are not unreasonable, are enforceable. *American Nat. Bank & Trust Co. of Bowling Green, Ky. v. Hartford Acc. & Indem. Co.*, 442 F.2d 995, 997-998 (Ky. 1971).

Therefore, this Court finds that the barn and manure pit are not a covered peril pursuant to the Policy.

---

[1] See, *Chubb Group of Ins. Companies v. Guyuron*, 1995 WL 739618, *4 (Ohio App. 8 Dist.1995); *City of Burlington v. Hartford Steam Boiler Inspection and Ins. Co.*, 190 F.Supp.2d 663, 688 (Vt. 2002); *Tzung v. State Farm Fire and Cas. Co.*, 873 F.2d 1338, 1342 (9th Cir.1989)

### *B.     Whether the Policy provides coverage for negligent design and/or construction?*

Assuming, in a light most favorable to the Plaintiffs, that the collapse was by negligent design or construction, the terms of the Policy do not provide coverage for negligent design and/or construction. In reference to pages 11-12, the express language of the Policy excludes loss caused "directly or indirectly" by earth movement and underground water, and excludes such loss regardless of the underlying force that contributes to the loss of property. Plaintiffs assert that improper design imputes contributory negligence on the part of the insurance companies, stating that because negligence is a matter of fact, the claim is required to go before a jury because the insurers had a duty to inspect before providing coverage. Though the Plaintiffs offer no authority in support of this assertion, contrary authority, including *Merz*, states that such a policy as provided to the Plaintiffs by the Defendants does not cover latent defects that were concealed underneath the ground at the time the insurance was issued. *Merz* at 389-390; See also *Chubb Group of Ins. Companies v. Guyuron*, 1995 WL 739618, *4 (Ohio App. 8 1995). Though this may leave the Plaintiffs with a suit against the builder or installer, the express language of the Policy taken with the case law does not cover negligent design or construction.

Therefore, this Court finds that the Policy does not provide coverage for negligent design and/or construction.

### *C.     Whether the acts of denying coverage to the Plaintiffs amounted to bad faith claims?*

In their response to Defendant's motion for summary judgment, Plaintiffs do not address the Defendants' claim that Meridian and State Auto are entitled to summary judgment on the bad faith claims as a matter of law. In their initial complaint the Plaintiffs assert that the Defendants

"maliciously" and "without cause" did not pay the benefits owed to the Plaintiffs under the terms of the Policy. The Defendants, in their motion for summary judgment and reply to Plaintiffs' response, cite the cases of *Curry v. Fireman's Fund Insurance Company* and *Wittmer v. Jones*, arguing that for the Plaintiffs to prevail on their bad faith claims they must be able to prove that: 1) the insurer is obligated to pay the claim under the terms of the policy; 2) the insurer lacks a reasonable basis in law or fact for denying the claim; and 3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. *Curry v. Fireman's Fund Insurance Company*, 784 S.W.2d 176, 178 (Ky. 1989); *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (quoting Liebson, J., dissenting opinion, *Federal Kemper Ins. Co v. Hornback*, 711 S.W.2d 844 (Ky. 1986)). Plaintiffs offered no contrary authority in the response to Defendants' arguments on these legal matters.

As mentioned *supra*, the Court has found that the Policy does not obligate the Defendants to provide coverage to the Plaintiffs' property claim because of the express terms of the Policy that explicitly deny coverage. In addition, Meridian and State Auto did have a reasonable basis for denying the claim based upon the language of the Policy and the *Merz* case that supports their interpretation of the Policy language. Further, as cited in Defendants' motion for summary judgment, Meridian and State Auto, upon receiving the claim for coverage by the Plaintiffs' following the property damage, did not disregard the basis of the claim. In addressing this matter, the Defendants: conducted an initial inspection, gave warning to the Plaintiffs in regards to the potential coverage dilemma, continued to investigate the claim after discovering "coverage limitations," sent Plaintiffs' attorney a letter outlining the applicable exclusions and reasons for denying coverage, and had a forensic engineer conduct a follow-up study. Based upon the fact that the Policy does not obligate

6

the Defendants to pay, the Plaintiffs cannot, as a matter of law, prove bad faith on the part of the Defendants.

Therefore, this Court finds that the Defendants' are entitled to summary judgment as a matter of law as to the Plaintiffs' claims of bad faith because the Policy does not cover the bad faith claims asserted by the Plaintiffs and it does not require the Defendants to provide coverage to the Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment is **GRANTED.**

September 28, 2005

*Thomas B. Russell*

Thomas B. Russell, Judge
United States District Court